**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

FORREST BRUNSON, et al.,

       Plaintiff,

v.                                  **No. 11cv1018 JCH/LAM**

CHRISTOPHER MCCORKLE, et al.,

       Defendants.

## ORDER GRANTING MOTION TO COMPEL [*Doc. 56*]

**THIS MATTER** is before the Court on ***Plaintiffs' Motion to Compel and to Deem Objections Waived*** *(Doc. 56)*, filed December 12, 2012. Defendant DeRouen filed a response to the motion on December 26, 2012 [*Doc. 63*], and Plaintiffs filed a reply that same day [*Doc. 64*]. Having considered the motion, response, reply, record of this case, and relevant law, the Court **FINDS** that the motion to compel shall be **GRANTED.**

In their motion to compel, Plaintiffs state that Defendant DeRouen failed to respond to their first sets of interrogatories and first set of requests for production, which were served on Defendant DeRouen on October 9, 2012. [*Doc. 56* at 1]. Plaintiffs state that the parties agreed to two extensions of time for Defendant DeRouen to answer the discovery, that the second extension has expired , and that Defendant DeRouen has not provided his answers. *Id.* Plaintiffs ask the Court to compel Defendant DeRouen to respond to the discovery requests, deem his objections to the discovery requests waived, and award Plaintiffs' counsel their fees and costs incurred in bringing the motion to compel. *Id.* at 2.

In response to the motion to compel, Defendant DeRouen "does not dispute that he has not presently provided answers to Plaintiffs' discovery requests," but that this failure to respond "does not automatically result in a waiver of objections" to the discovery requests.  [*Doc. 63* at 2].  Defendant DeRouen states that, because Plaintiffs' discovery requests to Defendant DeRouen and Defendant McCorkle are identical and Defendant McCorkle has provided answers to his discovery requests, "Plaintiffs have received, to a great extent, all the information requested by virtue of having received Defendant McCorkle's responses and answers."  *Id.*  Defendant DeRouen states that the delay in responding to the discovery requests "has not caused any substantive prejudice to Plaintiffs."  *Id.* at 3.  In addition, counsel for Defendant DeRouen states that he "has made every effort, and continues to make every effort, to obtain discovery responses from Defendant DeRouen," and that "[i]t is Defendant's counsel's opinion that the delay has been, at least in part, caused by Defendant DeRouen moving residences and temporarily losing telephone service."  *Id.*  Defendant DeRouen asks the Court to deny Plaintiffs' motion to compel and to allow Defendant DeRouen to respond to the discovery requests "including but not limited to proper objections, in a timely fashion."  *Id.*

The Court finds that there is no dispute that Defendant DeRouen has failed to respond to Plaintiffs' discovery requests, and the Court will order that he serve his responses on Plaintiffs **no later than January 14, 2013**.

The Court further finds that Defendant DeRouen has waived his objections to the discovery requests.  Pursuant to Fed. R. Civ. P. 33(b)(4), "[a]ny ground [for objecting to an interrogatory] not stated in a timely objection is waived unless the court, for good cause, excuses the failure."  While

Rule 34 does not contain an explicit provision stating that failure to serve timely objections to requests for production results in a waiver of those objections, courts have held that such a waiver is implied. *See Pham v. Hartford Fire Ins. Co.*, 193 F.R.D. 659, 661-62 (D.Colo. 2000) ("[A] failure to object to requests for production of documents within the time permitted by the federal rules has been held to constitute a waiver of any objection."); *Fifth Third Bank v. KC II Insure Svcs., LLC*, No. 11-CV-2101 CM/DJW, 2011 WL 5920949, at *2 (D.Kan. Nov. 28, 2011) (unpublished) (explaining that the same standard for waiver of objections applies to both Rule 33 and Rule 34); *Byrd v. Reno*, No. CIV.A.96-2375CKK JMF, 1998 WL 429676, at *4 (D.D.C. Feb. 12, 1998) (unpublished) (stating that, even though Rule 34 does not contain an automatic-waiver provision for failure to file timely objections, "there is no reason to give it a dissimilar interpretation" than Rule 33). The Court finds that Defendant DeRouen has not established good cause for his failure to serve his objections to Plaintiffs' discovery. Defendant DeRouen's statement that Plaintiffs are not prejudiced by his failure to respond to the discovery is unpersuasive. *See Linnebur v. United Telephone Assoc.*, No. 10-1379-RDR, 2012 WL 1183073, at *6 (D.Kan. April 9, 2012) (unpublished) (explaining that "[m]istake of counsel, ignorance of the rules, or *lack of prejudice to the opposing party* generally does not constitute 'good cause'" for failure to lodge timely objections to discovery requests) (citations omitted and emphasis added). While Defendant DeRouen states that Plaintiffs have the information they requested "to a great extent" from Defendant McCorkle's responses, this statement does not specify what information has already been provided and what is still missing. [*Doc. 63* at 2]. Defendant DeRouen's counsel's statement that he has made efforts to obtain discovery responses from Defendant DeRouen does not state with any specificity what

-3-

those efforts have been and, in any event, those efforts have apparently failed.  *Id.* at 3.  In addition, no support is provided for counsel's statement that it is his opinion that the delay may have been, in part, caused by Defendant DeRouen's move and temporarily losing phone service. *Id.*  The Court finds that these statements do not constitute good cause for failing to file timely objections to Plaintiffs' discovery requests.

Defendant DeRouen's reliance on *Armijo v. Aramark Svcs., Inc.*, No. CIV 06-0635 JB/RHS, 2008 WL 2229483, at *4 (D.N.M. March 24, 2008) for his contention that his objections should not be waived is unpersuasive because, in that case, the court found that it was not clear that the party had not complied with the court's order to respond to discovery.  In addition, the party who failed to respond in that case gave several reasons for its failure to respond, such as the passage of time between the incident and joinder of it as a party, and that the party had ceased operations at the site two and one half years earlier.  *Id.* at *3.  Moreover, counsel in that case recited "unforseen personal and professional difficulties" which caused delay and also provided specific information regarding the steps she had taken to obtain the requested information.  *Id.* (citation and internal quotation marks and brackets omitted).  Here, counsel has not provided any specifics regarding the steps that he has taken to obtain the discovery from Defendant DeRouen or any definitive information regarding why Defendant DeRouen has failed to respond; instead, counsel has merely speculated as to why Defendant DeRouen has not provided responses.  The Court, therefore, finds that Defendant DeRouen has failed to provide good cause for his failure to provide objections to Plaintiffs' discovery requests and the Court will order that Defendant DeRouen's objections to the discovery requests are waived.

Regarding Plaintiffs' request for attorney's fees and costs, pursuant to Fed. R. Civ. P. 37(a)(5)(A), if a motion to compel is granted, or if the requested discovery is provided after the motion is filed, the court <u>must</u>, after allowing the opposing party an opportunity to be heard, require the party or the party's attorney, or both, to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees, unless: "[(1)] the movant filed the motion before attempting in good faith to obtain the . . . discovery without court action; [(2)] the opposing party's nondisclosure, response, or objection was substantially justified; or [(3)] other circumstances make an award of expenses unjust."  Here, Defendant DeRouen had an opportunity to respond to Defendants' request for attorney's fees in his response to Plaintiffs' motion, and the Court finds that Defendant DeRouen's failure to respond to the discovery requests is not substantially justified for the reasons stated above.  The Court also finds that there are no other circumstances which would make an award of expenses unjust.  The Court, therefore, will require Defendant DeRouen to pay Plaintiffs' reasonable attorney's fees and costs incurred in making this motion.

**IT IS THEREFORE ORDERED** that, for the reasons stated above, ***Plaintiffs' Motion to Compel and to Deem Objections Waived** (Doc. 56)*, is **GRANTED** and Defendant DeRouen shall provide responses to Plaintiffs' discovery requests **no later than January 14, 2013.**

**IT IS FURTHER ORDERED** that any objections Defendant DeRouen may have to the discovery requests are deemed waived.

**IT IS FURTHER ORDERED** that Plaintiffs' counsel may submit documentation of reasonable attorney's fees and costs incurred in connection with this motion.  Defendant DeRouen may respond to the amount of requested attorney's fees **within fourteen (14) days of their submission**.

**IT IS SO ORDERED.**


*Lourdes a. Martínez*

**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**