**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**FORREST BRUNSON, et al.,**

      **Plaintiff,**

v.                                             **No. 11cv1018 JCH/LAM**

**CHRISTOPHER MCCORKLE, et al.,**

      **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** is before the Court on *Plaintiffs' Motion for Discovery Sanctions (Doc. 58)*, filed December 14, 2012. Defendant DeRouen filed a response to the motion on December 28, 2012 [*Doc. 66*], and Plaintiffs filed a reply January 2, 2013 [*Doc. 67*]. United States District Judge Judith C. Herrera referred the claims raised in the motion to the undersigned for proposed findings and a recommended disposition. [*Doc. 59*]. Having considered the motion, response, reply, record of this case, and relevant law, the Court **FINDS** that the motion for discovery sanctions should be **GRANTED in part and DENIED in part without prejudice.**

In their motion for discovery sanctions, Plaintiffs state that they served Defendant DeRouen with a Notice of Deposition for December 13, 2012, to begin at the conclusion of the deposition of Defendant McCorkle. [*Doc. 58* at 1]; *see also* [*Doc. 44*]. When Defendant DeRouen failed to

---

[1] Within fourteen (14) days after a party is served with a copy of these proposed findings and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections with the clerk of the United States District Court for the District of New Mexico within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed. Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.

appear for the deposition, the parties agreed to reconvene at 1:00 p.m. to allow Defendant DeRouen more time to show up for the deposition, but Defendant DeRouen did not appear at that time either, and Defendant DeRouen's attorneys had not heard from him.  [*Doc. 58* at 1].  In addition, Plaintiffs state that Defendant DeRouen has failed to answer written discovery, which is the subject of Plaintiff's motion to compel [*Doc. 56*].  *Id.*; *see also* [*Doc. 69*] (order granting Plaintiff's motion to compel).  Plaintiffs state that Defendant DeRouen's conduct shows a disregard for his discovery obligations, and Plaintiffs ask the Court to enter a default judgment against Defendant DeRouen.  *Id.* at 1-2 and 4.   Plaintiffs also ask for attorney's fees and costs associated with Defendant DeRouen's failure to participate in discovery.  *Id.* at 4.

In response to the motion for sanctions, Defendant DeRouen does not dispute that he did not appear for his deposition on December 13, 2012.  [*Doc. 66* at 1].  Defendant DeRouen contends, however, that default judgment should not be entered against him because discovery remains open until March 25, 2013, and a date for trial has not yet been set, so Plaintiffs have not been prejudiced. *Id.* at 2.  Defendant DeRouen states that there is ample time for Plaintiffs to prepare their case, and that, because Plaintiffs and Defendant DeRouen live in the same area, Plaintiffs will not incur significant expense in re-setting his deposition.  *Id.*  Defendant DeRouen states that, because Plaintiffs' discovery requests to Defendant DeRouen and Defendant McCorkle are identical and Defendant McCorkle has provided answers to his discovery requests, "Plaintiffs have received, to a great extent, all the information requested by virtue of having received Defendant McCorkel's responses and answers."  *Id.*  In addition, counsel for Defendant DeRouen states that he "has made every effort, and continues to make every effort, to obtain discovery responses from

Defendant DeRouen," and that "[i]t is Defendant's counsel's opinion that the delay has been, at least in part, caused by Defendant DeRouen moving residences and temporarily losing telephone service." *Id.* at 3. Defendant DeRouen asks the Court to deny Plaintiffs' motion for sanctions and states that Defendant DeRouen's deposition should be re-set for a later date. *Id.*

Under Fed. R. Civ. P. 37(d)(1)(A), a court may order sanctions, including entering default judgment, against a party who fails to appear for his or her deposition or fails to respond to discovery requests under Rules 33 or 34. However, the Tenth Circuit has held that before imposing a dispositive sanction for failure to comply with a party's discovery obligations, the court should consider the following factors: "(1) the degree of actual prejudice to the [other party]; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (citations and internal ellipses and quotation marks omitted). Dismissal with prejudice "should be used as a weapon of last, rather than first, resort," and "[o]nly when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction." *Id.* at 920-21 (citation and internal quotation marks omitted).

Here, the Court finds that the *Ehrenhaus* factors do not weigh in favor of entering default judgment against Defendant DeRouen despite his egregious failures to attend his scheduled deposition or respond to discovery requests. While Plaintiffs have certainly been inconvenienced and delayed by Defendant DeRouen's failure to appear for his deposition and to answer discovery

requests, the discovery deadline in this case is March 25, 2013 and a trial date has not been set, so Plaintiffs still have time to prepare their case. Moreover, Plaintiffs do not state with any specificity how the delays in obtaining Defendant DeRouen's deposition and discovery have prejudiced them. In addition, and perhaps more significantly, while Defendant DeRouen, through his counsel, admits his culpability for his failure to participate in discovery, he has not yet been warned by the Court that default judgment is a likely sanction. While it is important for Plaintiffs to depose Defendant DeRouen and to receive his responses to written discovery, there is sufficient time remaining under the Court's discovery deadlines for Plaintiffs to obtain these. Therefore, the Court finds that a lesser sanction -- ordering Defendant DeRouen to appear for a deposition by a date certain -- would be a more efficacious sanction at this time. Defendant DeRouen should consider himself warned, however, that failure to appear for his next scheduled deposition, and failure to provide answers to discovery requests as ordered by the Court in *Document 69*, may result in default judgment entered against him in this action. The Court, therefore, recommends denying without prejudice Plaintiffs' motion for entry of default judgment against Defendant DeRouen.

While the Court does not recommend entry of default judgment against Defendant DeRouen, Rule 37(d)(3) states that "the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." The Court finds that Defendant DeRouen's failure to respond to the discovery requests is not substantially justified. While Defendant DeRouen states that Plaintiffs have the information they requested in their discovery requests "to a great extent" from Defendant McCorkle's responses, and

that Plaintiffs have deposed Defendant McCorkle, this does not excuse Defendant DeRouen's failure to appear for his deposition or provide responses to Plaintiffs' discovery requests. [*Doc. 66* at 2]. In addition, no support is provided for defense counsel's statement that it is his opinion that the delay may have been caused, in part, by Defendant DeRouen's move and temporarily losing phone service. *Id.* at 3. The Court finds that Defendant DeRouen's failure to appear at his deposition is also not substantially justified and that there are no other circumstances which would make an award of expenses unjust. The Court, therefore, will require Defendant DeRouen to pay Plaintiffs' reasonable attorney's fees and costs incurred in appearing for his deposition on December 13, 2012, and in preparing this motion for sanctions.

**IT IS HEREBY RECOMMENDED**, for the reasons stated above, that *Plaintiffs' Motion for Discovery Sanctions (Doc. 58)* be **GRANTED in part** and **DENIED in part without prejudice** as follows:

(1) Defendant DeRouen shall appear for a deposition **as soon as possible but no later than February 1, 2013**; and

(2) Plaintiffs' counsel may submit documentation of reasonable attorney's fees and costs incurred in appearing for Defendant DeRouen's deposition on December 13, 2012, and in preparing this motion for sanctions and the reply brief. Defendant DeRouen may respond to the amount of requested attorney's fees **within fourteen (14) days of their submission**.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**