IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

FORREST BRUNSON and
CHANCE BRUNSON,

    Plaintiffs,

v.                                                                        No. Civ. 11-1018 JH/LAM

CHRISTOHPER McCORKLE, in his individual
capacity, and DAN DEROUEN, in his individual
capacity,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

On January 15, 2014, Defendants Christopher McCorkle and Dan DeRouen filed a Motion to Enforce Payment of Costs and Motion for Attorney's Fees (ECF No. 92). The Court, having considered the motion, briefs, evidence, relevant law, and otherwise being fully advised finds that the motion will be granted in part and denied in part as described herein.

**I.    BACKGROUND**

On September 30, 2013, this Court entered final judgment in favor of Defendants on all Plaintiffs' claims and dismissed this case. Final J., ECF No. 88. On October 28, 2013, the Clerk of the Court, after considering Defendants' unopposed motion to tax costs, issued an Order Settling Costs and therein taxed costs in the amount of $606.87 against Plaintiffs and in favor of Defendants. Clerk's Order, ECF No. 91. Plaintiffs never objected to the Clerk's Order.

On January 15, 2014, Defendants filed the instant motion seeking enforcement of the Clerk's Order. Plaintiffs filed a response chastising defense counsel for not seeking a writ of execution, rather than filing their motion for enforcement. Plaintiffs did not dispute the fact that

they have not paid the costs or otherwise provide reasons that the costs were not properly imposed against them.

## II.     LEGAL ANALYSIS

Federal Rule of Civil Procedure 69 provides:  "A money judgment is enforced by a writ of execution, unless the court directs otherwise."  Fed. R. Civ. P. 69(a)(1).  Rule 54(a) defines "judgment" as including "a decree and any order from which an appeal lies."  In order to be appealable, an order must "end the litigation on the merits and leave nothing for the court to do but execute the judgment."  *Alexander v. U.S. Parole Com'n*, 514 F.3d 1083, 1087 (10th Cir. 2008) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)).   Under the statute providing for the taxation of costs, upon allowance, costs are "included in the judgment or decree."  *See* 28 U.S.C. § 1920.  Accordingly, a costs award is merged into the judgment and the judgment becomes for a specific sum of money.  *See Massachusetts Bonding and Ins. Co. v. Clymer Mfg. Co.*, 48 F.2d 513, 514 (10th Cir. 1931) ("A judgment or decree in the trial court includes the costs in that court.  Such costs are merged in the judgment."); *Abbasid, Inc. v. Los Alamos Nat. Bank*, No. Civ. 09-354 JP/LFG, 2011 WL 8177793, at *4 (D. N.M. Jan. 5, 2011) (holding that defendant was judgment creditor with right to engage in post-judgment discovery in aid of executing judgment, because, following verdict in favor of defendant, clerk of court taxed costs against plaintiff in amount of $5,582.85, and that cost award merged into judgment and judgment became for specific sum of money – a money judgment in amount of $5,582.85).

In this case, the Court entered judgment on September 30, 2013, and the Clerk's Order Settling Costs, which Plaintiffs never opposed or otherwise contested, merged into the judgment and became a money judgment in the amount of $606.87 against Plaintiffs and in favor of Defendants.  Defendants' motion to enforce payment of costs is thus granted to the limited extent

that this Memorandum Opinion and Order clarifies that the previously entered judgment is a money judgment in the amount of $606.87 against Plaintiffs and in favor of Defendants that may be enforced in accordance with the Federal Rules of Civil Procedure.

The Court will not award attorneys' fees to either party, as requested by the parties in their respective briefs.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Enforce Payment of Costs and Motion for Attorney's Fees (**ECF No. 92**) is **GRANTED in part and DENIED in part** as follows:

1. Defendants' request to enforce the Clerk's Order Settling Costs is **GRANTED** to the limited extent that this Memorandum Opinion and Order clarifies that the previously entered judgment is a money judgment in the amount of $606.87 against Plaintiffs and in favor of Defendants that may be enforced in accordance with the Federal Rules of Civil Procedure;

2. Defendants' request for attorney's fees and costs associated with the preparation of the instant motion is **DENIED**;

3. All other relief requested by Defendants is **DENIED**; and

4. Plaintiffs' request for attorney's fees and costs associated with the preparation of their response is likewise **DENIED**.

_____
UNITED STATES DISTRICT JUDGE